UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DAMON ALEXANDER PATTON,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN MUELLER, PENNINGTON COUNTY SHERIFF, individual and official capacity; LUCAS OYLER, PENNINGTON COUNTY 24-7 PROGRAM ADMINISTRATOR, individual and official capacity; and PENNINGTON COUNTY COURTS,<br><br>Defendants. | 5:26-CV-05056-KES<br><br>1915A SCREENING |

Plaintiff, Damon Alexander Patton, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. The court granted Patton leave to proceed in forma pauperis and ordered him to pay an initial partial filing fee, Docket 5 at 2, which Patton timely paid. The court screens Patton's complaint under 28 U.S.C. § 1915A and issues the following order.

## I. Factual Background

Patton sues Sheriff Brian Mueller and the 24-7 Program Administrator Lucas Oyler in both their individual and official capacities as well as the Pennington County Courts. Docket 1 at 1-2. He brings claims against all

defendants for violating his Fourteenth and Fourth Amendment rights.[1] *Id.* at 2, 4. Patton seeks monetary relief. *Id.* at 5. Patton claims he was "made to participate in the 24/7 Program as part of [his] release and probation." *Id.* at 4 (capitalization in original omitted). As a result of his arrest and incarceration, Patton lost "jobs, housing, and property" and had his vehicle repossessed. *Id.* (capitalization in original omitted). He suffered emotional distress from losing multiple jobs and being unable to contact his employers or landlords. *Id.*

## II. Legal Background

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of

[1] As the court understands his complaint, Patton is alleging a Fourteenth Amendment violation of his due process rights and a violation of his Fourth Amendment right to be free from illegal search and seizure.

a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess Patton's claims under 28 U.S.C. § 1915A.

## III. Legal Analysis

### A. Fourth Amendment

The Fourth Amendment requires an arrest to be supported by probable cause and protects against unreasonable seizures. U.S. Const. amend. IV; *Walker v. City of Pine Bluff,* 414 F.3d 989, 992 (8th Cir. 2005). A seizure of a person can take the form of a show of authority that in some way restrains the liberty of the person. *Torres v. Madrid*, 592 U.S. 306, 311 (2021) (citation omitted). This plainly refers to an arrest. *Id.* at 312.

**1. Individual Capacity Claims**

Patton sues both Mueller and Oyler in their individual capacities for monetary relief due to his alleged unconstitutional imprisonment. Docket 1 at 2. Patton alleges that he was wrongfully incarcerated, Docket 1 at 4, which the court interprets to allege a Fourth Amendment claim. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("[T]he district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.").

Section 1983 provides a cause of action against any "person" who, acting "under color of" state law, deprives the plaintiff of "rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "[T]he plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citation omitted). Patton's individual capacity claims must allege that Oyler and Mueller either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Patton is presumably alleging an improper seizure based on his arrest when he was unable to pay the fees required for the 24-7 Program. *See* Docket 1 at 4. Patton claims that Oyler and Mueller, as part of the sheriff's department, put him in jail. *Id.* at 2, 4. Patton does not challenge whether his

arrest was supported by probable cause, but the court can infer that Patton believes his arrest was unreasonable. At this time the court cannot say that Patton's Fourth Amendment claims against defendants are wholly without merit, thus these claims survive § 1915A review.

**2. Official Capacity Claims**

Patton sues Administrator Oyler and Sheriff Mueller in their official capacities seeking monetary relief. Docket 1 at 2. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, Patton's official capacity claims against defendants are construed as claims against Pennington County itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); Docket 1 at 2.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 5:24-CV-05041-KES, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). But the complaint need not "specifically plead the

existence of an unconstitutional policy[.]" *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). Rather, the complaint must include some language that would support the existence of an unconstitutional policy. *Doe v. Sch. Dist. of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Patton's statements give rise to an inference that the 24-7 Program's requirements, enforced by Oyler and Mueller as county employees, could have caused an unreasonable seizure of Patton when he lacked funds for the program. Even though Patton has not specifically pleaded an unconstitutional policy, the 24-7 Program operates as a governmental practice. Patton claims Oyler and Mueller incarcerated Patton according to the 24-7 Program's funds requirement. Docket 1 at 4. Thus, the court finds Patton's Fourth Amendment claims against Oyler and Mueller in their official capacities survive § 1915A screening.

**B. Fourteenth Amendment**

"[A] § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.' " *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332-33 (1976)). "[T]o prevail on a Fourteenth Amendment due process claim, [a plaintiff] must first demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003) (citations omitted). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Persechini v. Callaway*, 651 F.3d 802,

806 (8th Cir. 2011) (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). "A liberty interest inherent in the Due Process Clause arises when a person has substantial, albeit conditional, freedom such as when he is on probation or parole." *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996) (citation omitted).

**1. Individual Capacity Claims**

Patton has not explicitly referenced the Fourteenth Amendment but the court construes Patton's pleaded facts as alleging a due process violation. *See Stone*, 364 F.3d at 915. Patton states Administrator Oyler and Sheriff Mueller deprived him of his liberty by arresting him when he did not have the funds to participate in the 24-7 Program, which was a condition of his release. Docket 1 at 4. The complaint does not explain the county's process afforded to Patton prior to his incarceration. *See generally* Docket 1. Patton requests compensation for the time he has spent in jail, his loss of employment, housing, and transportation, and "justice for all the [heartache] and mental pain." *Id.* at 5 (capitalization in original omitted). Although Patton's claims are underdeveloped, this court cannot conclude at this stage that Patton's Fourteenth Amendment claims are wholly without merit due to Mueller and Oyler's alleged direct involvement in the deprivation of Patton's liberty through incarceration for failure to pay the 24-7 Program fees. Thus, Patton's Fourteenth Amendment claims against both Mueller and Oyler in their individual capacities for money damages survive § 1915A screening.

**2. Official Capacity Claims**

Patton alleges that defendants were executing Pennington County's 24-7 Program that deprived him of his civil rights, job, and car. Docket 1 at 4-5. Also, Patton states Oyler and Mueller took part in arresting him due to his lack of funds for the 24-7 Program. *Id.* at 4. The program that resulted in an alleged constitutional violation suffices to establish a "persistent pattern of unconstitutional misconduct" by the defendants. *Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 651 (8th Cir. 2025). Because Patton has alleged facts that support a claim that Pennington County has executed a program resulting in alleged due process violations and that defendants were personally involved in enforcing this program's requirements, his official capacity claims against Oyler and Mueller survive § 1915A screening.

**C. Pennington County Courts**

Patton includes the Pennington County courts in his complaint caption but does not allege with any specificity what they did to violate his rights or mention the courts in the body of his complaint. *See generally* Docket 1. Patton has not asserted how the Pennington County courts are responsible for the allegations in the complaint simply by including them in the caption. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (affirming dismissal of pro se complaint against defendants who were listed as defendants in the caption but plaintiff made no allegations that the defendants were involved in causing constitutional harm to the plaintiff); *see also Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam). Because Patton's complaint fails to

make specific allegations against the Pennington County courts, Patton's claims against this defendant do not survive § 1915A screening.

## IV. Conclusion

Thus, it is ORDERED:

1. That Patton's Fourth Amendment and Fourteenth Amendment due process claims against Sheriff Mueller and Administrator Oyler, in their individual capacities, for money damages survive § 1915A screening.
2. That Patton's Fourth Amendment and Fourteenth Amendment due process claims against Sheriff Mueller and Administrator Oyler, in their official capacities for money damages, survive § 1915A screening.
3. That Patton's claims against Pennington County Courts are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1).
4. That the Clerk of Court shall send two blank summons forms and Marshal Service Forms (Form USM-285) to Patton so that he may cause the complaint to be served upon Oyler and Mueller.
5. That Patton shall complete and send the Clerk of Court a separate summons and USM-285 form for defendants Mueller and Oyler within 30 days of the date of this order. Failure to do so may

result in the dismissal of Patton's complaint without prejudice for failure to prosecute.

6. That the United States Marshal Service shall serve the completed summons, together with a copy of the complaint (Docket 1) and this order upon defendants Mueller and Oyler.

7. That defendants Mueller and Oyler will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3).

8. That Patton will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated October 23, 2026

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE